IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALNETIA WALTERS                                                                          PLAINTIFF

vs.                                      Civil No. 6:10-cv-06079

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Alnetia Walters ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed an application for SSI on November 19, 2008. (Tr. 87-89). Plaintiff alleged she was disabled due to nervousness, suicidal tendencies, and depression. (Tr. 8, 100). Plaintiff alleged an onset date of May 7, 2007. (Tr. 100). This application was denied initially and again upon reconsideration. (Tr. 57-59, 66-69). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 68).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on November 12, 2009, in Hot Springs, Arkansas. (Tr. 22-38). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), had graduated high school and attended two years of college. (Tr. 25).

On January 11, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 7, 2007. (Tr. 17, Finding 1). The ALJ determined Plaintiff had the severe impairment of alcohol dependance and major depression, which is not being actively treated. (Tr. 17, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 2).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 10-16, Findings 3,5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC, in the absence of her alcohol abuse, to perform work-related activities except for work involving more than unskilled work activity, which is work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, and little judgment; and supervision required is simple, direct and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.17, Finding 4). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 9).

2

The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a hand packer with 1,600 such jobs in Arkansas and 140,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision. (Tr. 18, Finding 10). The ALJ found the Plaintiff's alcohol abuse was a contributing factor material to a finding of being disabled and Plaintiff was denied benefits pursuant to Public Law 104-121, enacted March 29, 1996. *Id.*

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 8, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8 at 9-21.  Specifically, Plaintiff claims the ALJ erred (1) by finding alcohol abuse was a contributing factor material to Plaintiff's disability determination, (2) by failing to find Plaintiff's impairments met or equaled a Listing, and (3) in evaluating her subjective complaints.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.

#### A. Plaintiff's Alcohol Use

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d

5

700, 703-04 (8th Cir. 2001). The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ determined Plaintiff retained the RFC, in the absence of her alcohol abuse, to perform work-related activities except for work involving more than unskilled work activity, which is work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, and little judgment; and supervision required is simple, direct and concrete.

Plaintiff has had a history of alcohol abuse. (Tr. 152-153, 154, 157, 165, 173). On December 18, 2008, Plaintiff was seen for a mental diagnostic evaluation by Janet E. L'Abbe, Ph.D. (Tr. 152-158). According to Dr. L'Abbe Plaintiff indicated she had on three or four occasions been cited for public intoxication, had spent two weeks in jail for her last occurrence of public intoxication, and had a court date pending regarding another recent episode. (Tr. 153). Plaintiff stated to Dr. L'Abbe she used alcohol since she was 14 years of age, and was currently drinking two 40 ounce alcohol drinks, 2-3 times a week. (Tr. 154).

Dr. L'Abbe questioned Plaintiff's truthfulness regarding her use of alcohol. (Tr. 157). Plaintiff alleged she experienced visual hallucinations association with alcohol consumption, multiple times a day, however she claims she consumes alcohol only two or three times per week. (Tr. 157). Therefore, Dr. L'Abbe stated Plaintiff "has [likely] under reported the amount of alcohol

6

she is consuming" (Tr. 157). Dr. L'Abbe diagnosed Plaintiff with Alcohol Dependence, with Major Depressive Disorder. (Tr. 157).

On January 28, 2009, Dr. Winston Brown, evaluated Dr. L'Abbe's findings and opinions. (Tr. 165-178). Dr. Brown determined Plaintiff showed signs of depression and a substance abuse disorder. (Tr. 165, 168, 173).

The ALJ determined Plaintiff's substance abuse was a contributing factor material to her disability. (Tr. 18). Therefore, The ALJ found Plaintiff was not entitled to disability benefits. (Tr. 18). Under Public Law 104-121, the Contract with America Advancement Act of 1996, Title 42 U.S.C.§ 1382c(a)(3)(J) was amended to include provisions for disability benefits when drug addiction or alcoholism is a contributing factor material to the determination of an individual's disability. Pursuant to this provision, if after eliminating consideration of the symptoms related to alcohol or drug use, the Plaintiff does not meet the statutory definition of being disabled, the alcohol or drug use is considered material and benefits may not be paid.

The burden of proving that drug addiction or alcohol abuse is not a contributing factor material to a disability determination is on the Plaintiff. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). In this case Plaintiff has not met this burden. Substantial evidence supports the ALJ's finding of Plaintiff's alcohol use being a factor material to her disability and substantial evidence supports the ALJ's finding that if not for Plaintiff's alcohol abuse she would not be disabled within the meaning of the Act.

### B. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment

or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included alcohol dependance and major depression.  (Tr. 17, Finding 2).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues she specifically meets Listing 12.04, 12.06, and 12.08. ECF No. 8, Pg. 9-16. To be disabled under a Listing, the requirements of both subsection A and B of the Listing in question must be met.  20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06, 12.08.  In this matter, the ALJ correctly determined that absent the contribution of Plaintiff's alcohol abuse, Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment.  (Tr. 14-15).  The "B" criteria require at least two of the following:

        1. Marked restriction of activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Deficiencies of concentration, persistence or pace; or
        4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B), 12.08(B).  Based on the findings of Dr. L'Abbe and Dr. Brown, the ALJ properly found Plaintiff's condition was not severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.

The ALJ determined Plaintiff had mild limitations to her daily activities and moderate limitations in social functioning. (Tr. 14-15).  These findings were supported by the findings of Dr.

8

Brown in his Psychiatric Review Technique where he found Plaintiff had a mild limitation of daily activities and moderate difficulties in social functioning. (Tr. 175). The ALJ also found Plaintiff's ability to maintain concentration, persistence, and pace were moderately limited. (Tr. 15). These findings were supported by Dr. L'Abbe in her Mental Diagnostic Evaluation, (Tr. 157-158) and by Dr. Brown who placed moderate restrictions in the ability to maintain concentration, persistence, and pace. (Tr. 175). Finally, the record medical evidence, nor Plaintiff's testimony show that Plaintiff experienced repeated episodes of deterioration or decompensation in work. Substantial evidence supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration or decompensation in work. (Tr. 15).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### C. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 10-13). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain,

(2) Plaintiff's described activities of daily living are not that limited, (3) No physician has placed a level of limitation as described by Plaintiff, (4) Plaintiff's failure to take prescription pain medication contradicts complaints of disabling pain, medication has been effective in controlling her symptoms with no side effects, and (5) Plaintiff's alleged functional limitations are inconsistent with the objective medical evidence. (Tr. 10-13).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE